IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED WOOD, an individual, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>BEST BUY CO., INC., a Minnesota corporation, and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 11-1877 SC<br><br>ORDER GRANTING BEST BUY'S <u>MOTION TO TRANSFER</u> |

## I. INTRODUCTION

This action is one of six putative class actions recently filed in California alleging that Best Buy Stores, L.P. or Best Buy Co., Inc. (collectively, "Best Buy") violated California's Song-Beverly Act by recording customers' ZIP codes while completing the customers' credit card transactions. See Cal. Civ. Code § 1747.08.[1] All five of the other actions were either filed in, removed to, or transferred to the United States District Court for the Central District of California. <u>Gass v. Best Buy Stores, L.P.</u>, C.D. Cal. Case No. CV-11-01507-SJO; <u>Reese v. Best Buy Stores, L.P.</u>,

---

[1] Litigation on this issue is an offshoot of the California Supreme Court's holding in <u>Pineda v. Williams-Sonoma</u> that requesting and recording ZIP codes as part of consumer credit card transactions violates the Song Beverly Act. 51 Cal. 4th 524, 527-28 (2011).

C.D. Cal. Case No. CV-11-02552-SJO; <u>Zelis v. Best Buy Co., Inc</u>, C.D. Cal. Case No. CV-11-05915-SJO; <u>Milton v. Best Buy Co., Inc.</u>, C.D. Cal. Case No. 11-CV-6913-GHK-JEM; <u>Bennett v. Best Buy Stores, L.P.</u>, C.D. Cal. Case No. 11-CV-06953-GW-JEM.

Presently before the Court is Best Buy's Motion to Transfer this action to the Central District pursuant to 28 U.S.C. § 1404(a). ECF No. 20 ("Mot."). Plaintiff Jared Wood {"Plaintiff"} filed an Opposition. ECF No. 28 ("Opp'n"). Best Buy filed a Reply. ECF No. 30 ("Reply"). For the reasons that follow, the Court GRANTS Defendant's motion and TRANSFERS this case to the Central District.

## II. LEGAL STANDARD

Under Section 1404(a) of Title 28 of the United States Code, a district court has discretion to transfer a civil case to any other district court where the case might have been brought "for the convenience of parties and witnesses, [and] in the interest of justice." The purpose of section 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622 (1964).

## III. DISCUSSION

Defendant argues that the section 1404(a) factors support transfer because: (1) this case could have been brought in the Central District; (2) transfer would be in the interest of justice and would conserve judicial resources; and (3) the Central District would be a more convenient forum for the parties and witnesses.

2

Mot. at 5-12.  Plaintiff does not dispute that this case could have originally been filed in the Central District.  Opp'n at 2.  Rather, he argues that transfer is unwarranted because the Central District is not more convenient and transfer would not enhance judicial economy.  Id.  The Court agrees with Defendant.

The interest of justice alone can be decisive even if witness and party convenience weigh against transfer.  <u>Elecs. for Imaging, Inc. v. Tesseron, Ltd.</u>, No. C 07-05534, 2008 U.S. Dist. LEXIS 10844, at *3 (N.D. Cal. Jan. 29, 2008) (transferring action based on interest of justice and noting that "[c]onsideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result").  The Supreme Court and the Ninth Circuit have long recognized that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  <u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 26 (1960); <u>A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.</u>, 503 F.2d 384, 389 (9th Cir. 1974) ("[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.").

Here, the interest of justice, including interests in judicial economy and preventing inconsistent rulings, weighs heavily in favor of transfer.  The instant case is nearly identical to the five actions currently pending in the Central District.  Best Buy

3

is the defendant in all six cases, and although the plaintiffs differ, they seek to represent essentially the same putative class of California consumers related to the same legal and factual issue (alleged violations of the Song-Beverly Act by requiring customers to provide personal identifying information to complete credit card transactions). Compare 11-1877 ECF No. 6 ("Wood FAC") ¶ 22 ("This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction."); with Def.'s RJN[2] Ex. 4 ("Gass FAC") ¶ 13 (lawsuit brought on behalf of "all individuals who made one or more purchases from a Best Buy store in California with a credit card and had their ZIP code recorded by Best Buy during the transaction."); Def.'s RJN Ex. 8 ("Bennett Compl.") ¶ 20 (lawsuit brought "on behalf of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California"); Def.'s RJN Ex. 7 ("Zelis Compl.") ¶ 19 (same).

Because Plaintiff's claim and the class he seeks to represent are nearly identical to the claims and putative classes of the cases pending in the Central District, declining to transfer the case would waste judicial resources and risk the injustice of conflicting outcomes. Indeed, California courts routinely grant motions to transfer putative class actions to districts where identical putative class actions are pending. See, e.g., Gatdula

---

[2] Defendant asks the Court to take judicial notice of the complaints filed in the Bennett, Zelis, Gass, and Reese actions. ECF No. 25 ("Def.'s RJN"). Because the complaints are public documents not subject to reasonable dispute, the Court GRANTS Defendant's request pursuant to Federal Rule of Evidence 201.

4

1  v. CRST Int'l, Inc., No. CIV-10-58, 2011 U.S. Dist. LEXIS 13706, at
2  *9-11 (E.D. Cal. Feb. 7, 2011); Greenwell v. Belkin, No. C-0602760,
3  2006 U.S. Dist. LEXIS 76231, at *7 (N.D. Cal. Oct. 10, 2006).
4      Lastly, while the interest of justice alone is sufficient
5  cause for transfer, Plaintiff concedes that other factors courts
6  often consider when performing a section 1404(a) analysis -- such
7  as the convenience of witnesses, access to sources of proof, and
8  the relative caseloads of the districts involved -- are essentially
9  neutral between this Court and the Central District.  Opp'n at 2-4.
10 The only factor Plaintiff identifies that weighs against transfer
11 is the Plaintiff's choice of forum.  Id.  While a plaintiff's
12 choice of forum is a factor courts often consider when deciding
13 whether to transfer a case under section 1404(a), a putative class
14 representative's choice of forum "is not entitled to the same
15 degree of deference as an individual plaintiff pursuing her own
16 claim on her own behalf."  Bennett v. Bed Bath & Beyond, Inc., No.
17 C-11-22220-CRB, 2011 U.S. Dist. LEXIS 79973, at *7 (N.D. Cal. July
18 22, 2011).  That Plaintiff indicates a preference for the Northern
19 District is not enough to tip the scales against transfer in this
20 case.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Transfer filed by Defendant Best Buy Co., Inc. against Plaintiff Jared Wood and TRANSFERS the instant action to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: August 25, 2011



UNITED STATES DISTRICT JUDGE